11-3536-cv
Thai-Lao Lignite v. Government of the Lao People's Democratic Republic

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of July, two thousand twelve,

Present:     JON O. NEWMAN,
             RALPH K. WINTER,
             ROSEMARY S. POOLER,
                     *Circuit Judges*.

_____

THAI-LAO LIGNITE (THAILAND) CO. LTD.,
HONGSA LIGNITE (LAO PDR) CO. LTD.,
                     *Petitioners-Appellees*,


          -v-                                              11-3536-cv

GOVERNMENT OF THE LAO PEOPLE'S DEMOCRATIC REPUBLIC,
                     *Respondent-Appellant*.

_____

Appearing for Appellant:     David J. Branson, Washington, D.C. (Anthony J. Hatab, Dressel & Hatab, P.C., New York, N.Y. , on the brief).

Appearing for Appellee:      James E. Berger, King & Spalding, New York, N.Y. (Charlene C. Sun, on the brief).

Appeal from a judgment of the United States District Court for the Southern District of New York  (Wood, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

The Government of The Lao People's Democratic Republic ("Laos") appeals from the August 3, 2011 grant of the motion by Thai–Lao Lignite (Thailand) Co. Ltd. ("TLL") and Hongsa Lignite (LAO PDR) Co. Ltd., ("HLL") confirming an arbitral award issued in Kuala Lumpur, Malaysia, pursuant to the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, T.I.A.S. No. 6997, as implemented by the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 201 et seq. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review a district court decision confirming an arbitration award under an abuse of discretion standard, "accepting findings of fact that are not 'clearly erroneous' but deciding questions of law de novo." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 947-48 (1995). The party resisting enforcement bears the burden of proving one or more of the grounds for refusing to confirm an award applies. *Encyclopaedia Universalis S.A. v. Encyclopaedia Britannica, Inc.*, 403 F.3d 85, 90 (2d Cir. 2005). "The burden is a heavy one, as 'the showing required to avoid summary confirmation is high.'" *Id.* (citation omitted).

At issue here is whether the arbitral panel exceeded its jurisdiction under the Project Development Agreement (the "PDA"). There is no question that Laos is a signatory to the PDA. The PDA specifically provides that any arbitration will be governed by UNCITRAL rules, which provide that "[t]he arbitral tribunal shall have the power to rule on objections that it has no jurisdiction, including any objections with respect to the existence or validity of the arbitration clause or of the separate arbitration agreement." UNCITRAL Arbitration Rules, art. 21. There is no question, then, that the arbitral panel was free to decide the scope of its own jurisdiction – including whether other parties had standing as third-party beneficiaries. *See Republic of Ecuador v. Chevron Corp.*, 638 F.3d 384, 394–95 (2d Cir. 2011) (having agreed through incorporation by reference to the UNCITRAL rule delegating questions of arbitrability to the arbitral panel, "Ecuador cannot now disown its agreed-to obligation to arbitrate ... the question[s] of arbitrability it has raised as defenses to arbitration in this Court.") (internal quotation marks omitted); *Contec Corp. v. Remote Solution Co.*, 398 F.3d 205, 209 (2d Cir. 2005)(When the arbitration agreement between the parties grants the arbitrator the power to "decide issues of arbitrability, the incorporation serves as clear and unmistakable evidence of the parties' intent to delegate such issues to an arbitrator."). In addition, HLL's presence in the arbitration was not shown to disadvantage the respondent in any way.

Moreover, we find the district court did not abuse its discretion in applying a deferential standard of review in its analysis of the arbitral panel's decision. *See Parsons & Whittemore Overseas Co. v. Societe Generate de L'Industrie du Papier (RAKTA)*, 508 F.2d 969 (1974). In *Parsons*, Parsons objected to certain damages in an arbitral award entered against it, including $185,000 for "loss of production" when the agreement specifically provided that "neither party shall have any liability for loss of production." *Id.* at 976. We deferred to the arbitral panel, finding the decision "premised ... on [] construction of the contract." *Id.* We concluded that, "[a]lthough the Convention recognizes that an award may not be enforced where predicated on a subject matter outside the arbitrator's jurisdiction, it does not sanction second-guessing the arbitrator's construction of the parties' agreement." *Id.* at 977. Similarly, here Laos seeks to undo the arbitral panel's contract interpretation of the PDA, which lies beyond the scope of our review.

We have examined the remainder of appellant's arguments and find them without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk